UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Hann v. Monsanto*, 20-cv-7213 | **ORDER GRANTING SUMMARY JUDGMENT**<br>Re: Dkt. No. 18 |

Summary judgment is granted in favor of Monsanto because the plaintiff, Adrine Hann, has failed to disclose a specific causation expert.

Hann alleges that Roundup caused her multiple myeloma. Her counsel concedes that expert testimony is required for the design defect claim. Dkt. No. 19 at 10. But her counsel nevertheless insists that summary judgment is not proper for her failure to warn, negligence, and breach of implied warranty because multiple myeloma is only caused by "environmental factors." *Id.* Hann is "otherwise healthy" and has "no history of cancer in her family," but she developed multiple myeloma at some point after she began using Roundup. *Id.*

The Supreme Court of Michigan has not resolved the question whether expert causation testimony is always required in a toxic tort case. *Lowery v. Enbridge Energy Limited Partnership*, 898 N.W.2d 906, 918 (Mich. 2017) (Markman, C.J., concurring). But "the generally applicable rule in Michigan is that expert testimony is required when highly technical and scientific questions are at issue." *Id.*; *see also Elher v. Misra*, 878 N.W. 2d 790, 795 (Mich. 2016) (requiring expert testimony for medical malpractice claims not "within the common knowledge and experience of an ordinary layperson"). Whether Roundup caused Hann's

multiple myeloma is a highly technical and scientific question. Without expert testimony, a jury can only speculate. Monsanto is therefore entitled to summary judgment under Michigan law.

**IT IS SO ORDERED.**

Dated: November 3, 2022

_____
VINCE CHHABRIA
United States District Judge